Phillip H. Stanfield, Bar #011729
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Fax:  (602) 200-7877
pstanfield@jshfirm.com

Attorneys for Defendants
UPS Ground Freight, Inc. and  Alfredo Duenas

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The Estate of MARCELA BACA, by and through Stephanie McCollum, as Personal Representative of the Estate of MARCELLA BACA; Stephanie McCollum, as Conservator for the minor wrongful death beneficiaries, on behalf of all wrongful death beneficiaries,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED PARCEL SERVICE, INC.; ALFREDO DUENAS; WILMER SANTOS-MALDANADO; JOHN DOES I-V; BLACK AND WHITE CORPORATIONS I-V; BLACK AND WHITE PARTNERSHIPS I-V<br><br>　　　　　　　　　　Defendants, | CIVIL ACTION NO.: _____<br><br><br><br>**NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Defendants UPS Ground Freight, Inc. ("UPS Freight") (incorrectly identified as United Parcel Service, Inc. in the Complaint) and Alfredo Duenas ("Duenas") (collectively "Defendants") hereby file the following notice of removal of this action currently pending in the Superior Court of Arizona in Maricopa County, No. CV2011-007579, to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  As grounds for removal, Defendants state as follows:

2535990.1

## I.  PROCEDURAL HISTORY

1. The above-captioned case commenced when Plaintiff Stephanie McCollum, as Personal Representative of the Estate of Marcela Baca and as Conservator for the minor wrongful death beneficiaries, on behalf of all wrongful death beneficiaries ("Plaintiff") filed a Complaint in the Superior Court of the State of Arizona, County of Maricopa, on or about April 2, 2011 (the "Complaint").

2. The Summons, Complaint and Certificate of Compulsory Arbitration constitute the sum of all court filings served upon Defendants to date.

3. The Complaint lists three defendants UPS Ground Freight, Inc., Alfredo Duenas and Wilmer Santos Maldonado ("Maldonado") (incorrectly identified as Wilmer Santos-Maldanado).  Defendants UPS Freight and Duenas were served with a copy of the Summons and Complaint on or about April 18, 2011.  *See* Summons and Complaint served on Defendants, attached as Exhibits A and B, respectively.  Maldonado has not been formally served with a copy of the Summons and Complaint.

4. The Complaint asserts claims against Defendants sounding in negligence.  *See* Complaint.

## II.  TIMELINESS OF AND CONSENSUS ON REMOVAL

5. Under 28 U.S.C. § 1446(b), a defendant is provided thirty days from the date of service of a complaint within which to file a notice of removal to federal court.

6. This Notice of Removal is filed within 30 days of the date of service, April 18, 2011, of a copy of Plaintiffs' complaint on Defendants UPS Freight and Duenas.

7. This Notice of Removal, therefore, is timely.  *See* 28 U.S.C. § 1446(b).

8. Further, Maldonado, also represented by the undersigned counsel, consents to the filing of this Notice of Removal. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), overruled on other grounds by *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ("Section 1446 requires all proper defendants to join or consent to the removal notice.").

9. Therefore, as required, all Defendants in this action consent to removal. *See id.*

### III. BASIS FOR REMOVAL

10. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiffs and each Defendant; and (2) the matter in controversy, excluding interest and costs, appears to exceed the sum or value of $75,000. *See* 28 U.S.C. § 1332(a).

**A.     Diversity of Citizenship**

11. As stated in the Complaint, Plaintiffs reside in the County of Maricopa, in the State of Arizona. *See* Complaint at ¶¶ 2, 3). Plaintiffs are thus citizens of Arizona.

12. Defendant UPS Freight is incorporated under the laws of the State of Virginia, and has its principal place of business in Atlanta, Georgia. It is thus a citizen of Virginia and Georgia.

13. Defendants Duenas and Maldonado are residents of California. *See* Complaint at ¶. They are thus citizens of California.

14. There is, therefore, complete diversity of citizenship between Plaintiffs and each Defendant, and the diversity of citizenship requirement is satisfied.[1]

---

[1] Fictitious defendants John Does I-V, Black and White Corporations I-V and Black and White Partnerships I-V are disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(a).

B.     **Value of Matter in Controversy**

15.    Plaintiff alleges that Defendants' conduct caused the death of Marcela Baca, who left behind seven wrongful death beneficiaries: D.M.B., M.M.B., M.B., D.B.L., A.D.B., G.M., and Cruz Baca Soto. *See* Complaint at ¶¶ 2, 17.

16.    Plaintiff alleges that the wrongful death beneficiaries have suffered and will continue to suffer "permanent" loss and damages "in a sum . . . far in excess of minimal jurisdictional limits of this court [the Superior Court of Arizona in Maricopa County]." *See* Complaint at ¶ 19, 20.

17.    The minimal jurisdictional limits of the Superior Court of Arizona in Maricopa County are $50,000. *See* 17C A.R.S. Super. Ct. Local Prac. Rules, Maricopa County, Rule 3.10.

18.    Thus, Plaintiff alleges that the damages here are "far in excess" of $50,000.

19.    Further, Plaintiff filed a Certificate of Compulsory Arbitration pursuant to Arizona Rule of Civil Procedure 72(e)[2] in the Superior Court certifying that the award sought, excluding interest, attorneys' fees and costs exceeds the limits set by the local rules for compulsory arbitration. *See* Certificate of Compulsory Arbitration, attached as Exhibit C. That limit is $50,000. The applicable local rule, in the Superior Court of Arizona in Maricopa, provides that all civil cases which do not exceed $50,000 are subject to compulsory arbitration. *See* 17C A.R.S. Super. Ct. Local Prac. Rules, Maricopa County, Rule 3.10.

20.    Thus, Plaintiff certified that the damages sought in this case exceed $50,000.

---

[2] Rule 72(e) provides that a plaintiff shall file with the complaint a separate certificate on compulsory arbitration with the Clerk of the Superior Court certifying that "she knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certif[ying] that this case [is not] subject to compulsory arbitration." Ariz. R. Civ. P. 72(e).

2535990.1   4

21. Moreover, in the "Wherefore" clause of the Complaint, Plaintiff seeks damages for "the loss of medical expenses, funeral expenses, and loss of future earnings to the Estate of Marcela Baca," "general and special damages to each of the named wrongful death beneficiaries" for the death of Marcela Baca, and punitive and exemplary damages against the Defendants.

22. Taking together Plaintiff's allegation that the damages here are "far in excess" of $50,000, the allegedly extensive and permanent past and future losses of each of Baca's seven wrongful death beneficiaries and the losses to the estate, and Plaintiff's certification that the damages sought in this case exceed $50,000, the Complaint "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[S]uch requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.*

23. Thus, under 28 U.S.C. §1332(a), this Court has jurisdiction over this matter because the parties hereto are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

**WHEREFORE**, Defendants UPS Ground Freight, Inc. and Alfredo Duenas request that the above action now pending in the Superior Court of Arizona in Maricopa County be removed to this Court.

/s/ Phillip H. Stanfield
Phillip H. Stanfield, Esquire
JONES, SKELTON & HOCHULI, P.L.C.
*Attorneys for Defendants UPS Ground Freight, Inc., and Alfredo Duenas*

2535990.1 5

## **VERIFICATION**

I, Philip H. Stanfield, attorney for Defendants, verify, as required by Local Rule of Civil Procedure 3.7, that a copy of the Summons, Complaint and Certificate of Compulsory Arbitration attached as Exhibits A-C to this Notice of Removal are true and complete copies of all documents served upon Defendants in the state court proceeding.

I further verify that a copy of this Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona in the County of Maricopa from which this action has been removed.  *See* Notice of Filing Notice of Removal, attached as Exhibit D.

I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.


Date: May 13, 2011

/s/ Phillip H. Stanfield
Philip H. Stanfield, Esquire

2535990.1 6

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

    Kelly J. McDonald:    kelly@probateaz.net
    Phillip H. Stanfield:    pstanfield@jshfirm.com
                                     scoffey@jshfirm.com

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

The Honorable Edward O. Burke
Maricopa County Superior Court
125 W. Washington, OCH 101
Phoenix, AZ  85003

    /s/ Phillip H. Stanfield
    Phillip H. Stanfield, Esquire