**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie McCollum, as conservator for the minor wrongful death beneficiaries, on behalf of all wrongful death beneficiaries; and as Personal Representative of the estate of Marcela Baca,<br><br>Plaintiff,<br><br>vs.<br><br>United Parcel Service, Inc., et al.,<br><br>Defendants. | No. CV11-00961-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion to strike Plaintiff's counsel's assertion of the attorney-client privilege with respect to certain fact witnesses in this case. Doc. 49. Plaintiff's counsel have filed a response (Docs. 53, 54) and Defendants have replied (Docs. 57, 58). No party has requested oral argument. For the reasons that follow, the motion will be denied.

Defendants incorrectly style their motion as a motion to strike. Under Local Rule of Civil Procedure 7.2(m), a motion to strike may be filed only if it is authorized by statute or rule. LRCiv 7.2(m)(1). Defendants purport to file their motion to strike under Federal Rule of Civil Procedure 37(a), but that rule does not authorize motions to strike. The Court will construe Defendants' motion as a motion to compel evidence under Rule 37(a).

The affidavit of Rose Marie Baca and Jose Vasquez establishes that they have retained attorney Andrew Alex (one of the Plaintiff's counsel in this case) to represent

them in matters arising out of the death of Marcela Baca. A number of different proceedings are identified in the affidavit. Doc. 54-1. The declaration of Diana Alvarez establishes that she has retained attorney Mark Gilling (another of the Plaintiff's counsel in this case) to represent her interests with respect to claims arising out of the death of Marcela Baca. Doc. 54-2. Defendants have provided no evidence to contradict these assertions.

Defendants seem to argue that Plaintiff's counsel cannot represent a fact witness in this litigation. They cite no authority for such proposition. So far as the Court is aware, lawyers and clients are free to agree upon the nature and scope of representation. If a fact witness agrees to be represented by a Plaintiff's counsel for purposes of litigation, he or she is free to do so. The affidavit and declaration make clear that the fact witnesses in this motion have retained Plaintiff's counsel to represent them generally with respect to claims arising out of the death of Marcela Baca. The fact that these witnesses are not the actual claimants in this lawsuit does not somehow prevent them from entering into such an attorney-client agreement. Nor does it prevent them from utilizing their retained counsel to protect their interests at the deposition. Defendants have provided no basis for defeating this attorney-client privilege.

Defendants argue that the privilege must be asserted on a question-by-question basis. Doc. 50, at 5. Although this is true, it is clear that Plaintiff's counsel asserted the privilege and instructed the witnesses not to answer only with respect to questions concerning communications between the witnesses and their lawyers. Because such communications clearly are privileged, the instruction and objection are appropriate.

**IT IS ORDERED** that Defendants' motion (Doc. 49) is **denied**.

Dated this 4th day of April, 2012.

_____
David G. Campbell
United States District Judge