**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie McCollum, as Conservator for the minor wrongful death beneficiaries, on behalf of all wrongful death beneficiaries; and as Personal Representative of the estate of Marcela Baca,<br><br>Plaintiff,<br><br>v.<br><br>UPS Ground Freight Incorporated, et al.,<br><br>Defendants. | No. CV-11-0961-PHX-DGC<br><br>**ORDER** |

On August 30, 2012, the Court entered an order granting in part and denying in part Defendants UPS Ground Freight, Inc. ("UPS Freight"), Alfredo Duenas, and Wilmer Santos-Maldonado's revised motion for summary judgment. Doc. 81. Defendants have filed a motion for reconsideration of the Court's denial of summary judgment on Plaintiff's punitive damages claim. Doc. 85. The Court will deny the motion.

Motions for reconsideration are granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such a motion will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008). Nor should a motion for reconsideration ask the Court to rethink its analysis.

*United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court denied summary judgment on the punitive damages claim because a jury could find that Mr. Duenas's conduct of driving a tractor in an arguably fatigued state through an intersection with a red light, combined with the deficiencies in Defendants' driver's logs, manifests a conscious disregard of a substantial risk of significant harm to others. *See* Doc. 81, at 10. Defendants assert that the Court overlooked or misapprehended the fact that none of the evidence relied upon by Plaintiff in support of her punitive damages claim is causally related to the subject accident, and that this evidence cannot be used to prove her claim for punitive damages. Doc. 85, at 3. Specifically, Plaintiff's arguments related to Mr. Duenas's financial incentive, errors in Mr. Duenas's log books, and the bald tire should be excluded from the Court's punitive damages analysis because they are not causally related to the accident. *Id.* at 4-5. Defendants argue that the Court is left only with evidence that Mr. Duenas did not get enough sleep before running a red light, which is insufficient to meet the "evil mind" requirement for punitive damages. *Id.* at 4-6.

Plaintiff's arguments related to financial incentive and log book errors are relevant to whether Mr. Duenas operated the tractor in such a fatigued state as to manifest conscious disregard of substantial risk. Plaintiff suggested that being paid by the mile, with no electronic monitoring, was an incentive for the inaccurate log books. Doc. 73, at 11. Defendants contend that financial incentive is not causally related to the accident because at the time of the accident Mr. Duenas had dropped off his cargo and was not being paid for the miles to drive home. Doc. 85, at 4. But Duenas may nonetheless have made financially motivated choices prior to dropping off his cargo that contributed to his fatigue at the time of the accident. *See Saucedo ex rel. Sinaloa v. Salvation Army*, 24

P.3d 1274, 1279 (Ariz. App. 2001) ("[T]he conduct giving rise to punitive damages must be a proximate cause of the harm inflicted. . . . [P]unitive damages are proper when conduct giving rise to punitive damages contributes to, or is a cause of, the injury.").

Plaintiff alleges that financial incentives led Mr. Duenas to falsify his log books by driving when he should have been out of service and understating the length of time for vehicle safety inspections. Doc. 73, at 11. Defendant argues that Plaintiff cannot rely on inaccuracies in Mr. Duenas's log books to prove her punitive damages claim because the Court granted summary judgment for Defendants on Plaintiff's claim that Mr. Duenas did not take 10 consecutive hours off duty before starting his shift. Doc. 85, at 5; *see* Doc. 81, at 7. The Court denied summary judgment on Plaintiff's claim that Mr. Duenas operated the tractor when he was impaired by fatigue. Doc. 81, at 5. Log books that inaccurately report the length of time that Mr. Duenas was in service, if motivated by financial interests as Plaintiff alleges, may demonstrate that Mr. Duenas allowed himself to become so fatigued that he drove through the intersection on a red light. *See Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 907 P.2d 506, 518 (Ariz. App. 1995).

The Court granted summary judgment on Plaintiff's negligent maintenance and inspection claim because, as Defendants correctly note, Plaintiff admitted that the bald tire was not a proximate cause of the accident. Doc. 85, at 5; Doc. 81, at 7-8. Even without relying on evidence of a bald tire, Mr. Duenas's operation of the tractor while fatigued and the inaccuracies in his driver's logs raise a question of fact as to whether he "consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986).

**IT IS THEREFORE ORDERED** that Defendants' motion for reconsideration (Doc. 85) is **denied**.

Dated this 17th day of September, 2012.

David G. Campbell
United States District Judge