Andrew R. Alex, # 003646
Alex & Associates, P.C.
1717 East Bell Road, Suite One
Phoenix, Arizona 85022-6200
Telephone: (602) 971-1775
Facsimile: (602) 867-7833
Email: **Andrew@alexandassociates.com**
Email: **ECF-AG@earthlink.net**
Attorneys for Plaintiff

Lawrence F. Scaringelli, Esq. 014036
Scaringelli Law Firm, P.C.
15849 N. 71st Street, Suite 100
Scottsdale, Arizona 85254
Tel: (480) 779-8404
Fax: (480) 696-7666
Email: **larry@scaringlilaw.com**

Michael J. O'Neill (pro hac vice)
Asna Assuncao, LLP
4 Penn Center
1600 John F. Kennedy Blvd., Suite 900
Philadelphia, PA 19103
Tel: (267) 528-0750
Fax: (267) 528-0726
Email: **michael.oneill@ansalaw.com**

Phillip H. Stanfield
Jones, Skelton & Hochuli, P.L.C.
2901 N. Central Avenue, Suite 800
Phoenix, AZ 85012
Tel: (602) 263-1745
Fax: (602) 200-7877
Email: **pstanfield@jshfirm.com**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie McCollum, as Conservator for the minor wrong wrongful death beneficiaries; and as Personal Representative of the estate of Marcela Baca, <br><br> Plaintiff <br><br> v. <br><br> UNITED PARCEL SERVICE, INC.; ALREDO DUENAS; WILMER SANTOS- | CV11- 00961-DGC <br><br> **PARTIES' PROPOSED JURY INSTRUCTIONS** |

1

MALDANADO; JOHN DOES 1-V'; BLACK
AND WHITE CORPORATION I-V; BLACK
AND WHITE PARTNERSHIPS I-V;

Defendants.

Pursuant to Rule 1, Federal Rules of Civil Procedure, Plaintiffs and Defendants request that the Court instruct the jury on the laws as set for in these requests.

The parties request that the court instruct the jury on the law as set forth in the following Model Civil Jury Instructions and the Revised Arizona Jury Instructions (Civil) Fourth Edition:

**1.   Instructions on the Trial Process**

| | | |
|---|---|---|
| ST: | 1.1A | Duty of Jury (Court Reads Instructions Only) |
| ST: | 1.2 | Claims and Defenses (modified) |
| | | *(bracketed language to be determined by court* |
| ST: | 1.3 | Burden of Proof – Preponderance of the Evidence |
| ST: | 1.4 | Burden of Proof – Clear and Convincing Evidence |
| ST: | 1.6 | What is Evidence |
| ST: | 1.7 | What is Not Evidence |
| ST: | 1.9 | Direct and Circumstantial Evidence |
| ST: | 1.10 | Ruling on Objection |
| ST: | 1.11 | Credibility of Witnesses |
| ST: | 1.12 | Conduct of the Jury |
| ST: | 1.13 | No Transcript Available |
| ST: | 1.14 | Taking Notes |
| ST: | 1.15 | Questions to Witnesses by Jurors |
| ST: | 1.16 | Jury to be Guiding by Official English Translation/Interpretation |
| ST: | 1.17 | Use of Interpreters in Court |
| ST: | 1.18 | Bench Conferences and Recesses |
| ST: | 1.19 | Outline of Trial |

**2.   Instructions on Types of Evidence**

| | | |
|---|---|---|
| ST: | 2.2 | Stipulation of Fact |
| ST: | 2.3 | Judicial Notice |
| ST: | 2.4 | Deposition in Lieu of Live Testimony |
| ST: | 2.7 | Foreign Language Testimony |
| ST: | 2.8 | Impeachment Evidence – Witness |

ST:   2.12   Charts and Summaries Not Received in Evidence
ST:   2.13   Chart and Summaries in Evidence

**3.   Instructions Concerning Deliberations**

ST:   3.1   Duty to Deliberate
ST:   3.2   Communication with Court
ST:   3.3   Return of Verdict

**4.   Vicarious Liability: Independent Contractors**

ST:   4.1   Corporations and Partnerships – Fair Treatment
ST:   4.2   Liability of Corporations – Scope of Authority Not in Issue
ST:   4.6   Act of Agent is Act of Principal – Scope of Authority Not in Issue
            (modified)
ST:   4.7   Both Principal and Agents Sued – No Issue as to Agency or
            Authority (modified)

**5.   Damages**

ST:   5.1   Damages – Proof
ST:   5.5   Punitive Damages (modified)

**6.   Arizona Negligence and Fault Instructions**

ST:   Negligence 1   – Violation of Statute (Negligence Per Se)
ST:   Fault 5         – Statement of Claims, Definition of Fault;
                        Definition of Negligence (Non Party at Fault
ST:   Negligence 10  - Willful or Wanton Conduct (Aggravated Negligence)

Respectfully submitted this 14th day of November 2012.

**ALEX & ASSOCIATES, P.C.**

/s/Andrew R. Alex
*Attorneys/Co-counsel for adult wrongful death*
*beneficiaries, GabrielMartinez and Cruz Baca-Soto.*

**SCARINGELLI LAW FIRM, P.C.**

/s/Lawrence F. Scaringelli, Esq.
*Attorneys for Plaintiffs, Stephanie McCollum,*

*Conservator for the   wrong death beneficiaries,*
*Gabriel Francisco Martinez and  Cruz Baca-Soto.*

**ASNA ASSUNCAO, LLP**

/s/Michael J. O'Neill (pro hac vice)
*Attorneys for Defendants*

**JONES, SKELTON & HOCHULI, P.L.C.**

/s/Phillip H. Stanfield
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I electronically transmitted the attached documents to all counsel of record by filing it with the Clerk's office using the CM/ECF System.

By:  /s/Andrew R. Alex

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie McCollum, as Conservator for the minor wrong wrongful death beneficiaries; and as Personal Representative of the estate of Marcela Baca, | CV11- 00961-DGC |
| Plaintiff | **JURY INSTRUCTIONS COVER SHEET** |
| v. | |
| UNITED PARCEL SERVICE, INC.; ALREDO DUENAS; WILMER SANTOS-MALDANADO; JOHN DOES 1-V'; BLACK AND WHITE CORPORATION I-V; BLACK AND WHITE PARTNERSHIPS I-V; | |
| Defendants. | |

**JURY INSTRUCTIONS**

DATED: _____

_____
UNITED STATES[DISTRICT JUDGE

1

**REQUESTED JURY INSTRUCTION NO. 1**

**DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.1A - Duty of Jury (Court Reads Instructions Only)

**GIVEN:**            _____
**REFUSED:**          _____
**MODIFIED:**         _____
**WITHDRAWN:**        _____

## REQUESTED JURY INSTRUCTION NO. 2

### Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This lawsuit arises from an accident on 51st Avenue and Van Buren in Phoenix, Arizona, which occurred on April 5, 2009, around 2:30 p.m., between a Freightliner tractor operated by Alfredo Duenas on behalf of UPS Ground Freight, and a Cadillac driven by Angel Hernandez. Marcela Baca, a front seat passenger in the Cadillac, died as a result of the collision. She is survived by her children, including Plaintiffs Gabriel Martinez and Cruz Baca Soto.

Defendants admit that UPS Ground Freight driver, Alfredo Duenas, was negligent for running the red traffic signal at the intersection causing the death of Marcela Baca.

The Plaintiffs claim they have been damaged as a result of their mother's death. The Plaintiffs claim that they have lost the love, affection, society and companionship of their mother. They also claim that they have suffered, and will continue to suffer pain, grief, sorrow, anguish, stress, shock, and mental suffering as a result of their mother's death.

Plaintiffs also allege that Alfredo Duenas and co-driver Wilmer Santos Maldonado **[\*made false entries and gross errors and omissions in their driver's daily logs]**, disregarded safety rules, and Alfredo Duenas was driving while fatigued at the time of the fatal accident. Plantiffs are asking that this jury also award punitive damages. ***\*Defendants would exclude the portion in brackets***

The Defendants admit that Alfredo Duenas was negligent for running the red traffic signal and the negligence caused the death of Marcela Baca. Defendants claim that Angel Hernandez, the driver of the Cadillac, was partially at fault for the death of Marcela Baca.

Defendants deny that Alfredo Duenas was driving while fatigued or engaged in any conduct that would warrant punitive damages.

Your duty at the end of this trial is to decide the full amount of money that reasonably and fairly compensate Gabriel Martinez and Cruz Baca Soto for their losses that they have proved by the evidence to have resulted from the death of their mother, Marcela Baca. Additionally, you may, but are not required to, award punitive damages based on the evidence presented during this trial.

6

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.2 - Claims and Defenses: Revised Arizona Jury
Instructions (Civil) 4th, *Personal Injury Damages 3*

**GIVEN:**              _____
**REFUSED:**            _____
**MODIFIED:**           _____
**WITHDRAWN:**          _____

# REQUESTED JURY INSTRUCTION NO. 3
## Burden of Proof - Preponderance of the Evidence

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Instructions on the Trial Process 1.3 - Burden of Proof - Preponderance of the Evidence

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

8

## REQUEST ED JURY INSTRUCTION NO. 4

### BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

Some of the claims in this case require proof by clear and convincing evidence.

A party who has the burden of proof by clear and convincing evidence must persuade you by the evidence that the claim is highly probable.  This standard is more exacting than the standard or more probably true than not true, but it less exacting that the standard of proof beyond a reasonable doubt.

You are to use the standard of more probably true that not true for all claims in this case except for those on which you are specifically instructed, in this instance on punitive damages, that the burden of proof is the standard of clear and convincing evidence.

In determining whether a party has met any burden of proof, you will consider all the evidence, whether presented by Plaintiffs or Defendants

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

SOURCE: RAJI (civil)(Fourth Edition)
Standard 3-Burden of Proof (Clear and Convincing) (modified)


**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

# REQUESTED JURY INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.6 - What is Evidence

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

10

## REQUESTED JURY INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.7 - What is Not Evidence

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

## REQUESTED JURY INSTRUCTION NO. 7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Example:**

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.9 - Direct and Circumstantial Evidence

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

12

## REQUESTED JURY INSTRUCTION NO. 8

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.10 - Ruling on Objection

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

## REQUESTED JURY INSTRUCTION NO. 9

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (Civil)(2007 Edition) Instructions on the Trial Process 1.11 - Credibility of Witnesses

**GIVEN:**            _____
**REFUSED:**          _____
**MODIFIED:**         _____
**WITHDRAWN:**        _____

14

### REQUESTED JURY INSTRUCTION NO. 10

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[ and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.12 - Conduct of the Jury

15

*Approved 10/2009*

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

*Approved 10/2009*

# REQUEST FOR JURY INSTRUCTION NO. 11

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Instructions on the Trial Process 1.13 - No Transcript Available

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

17

*Approved 10/2009*

## REQUESTED JURY INSTRUCTION NO. 12

### TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.14 - Taking Notes

**GIVEN:**           _____
**REFUSED:**         _____
**MODIFIED:**        _____
**WITHDRAWN:**       _____

18

*Approved 10/2009*

## REQUESTED JURY INSTRUCTION NO. 13

## QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Instructions on the Trial Process 1.15 - Questions to Witnesses by Jurors

**GIVEN:**         _____

**REFUSED:**       _____

**MODIFIED:**      _____

**WITHDRAWN:**     _____

19

*Approved 10/2009*

# REQUESTED JURY INSTRUCTION NO. 14

## JURY TO BE GUIDED BY OFFICIAL ENGLISH
## TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court [interpreters] [translators]. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Instructions on the Trial Process 1.16 - Jury to be Guided by Official English Translation/Interpretation

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

*Approved 10/2009*

1

## REQUESTED JURY INSTRUCTION NO. 15

2

### USE OF INTERPRETERS IN COURT

3

4

5       You must not make any assumptions about a witness or a party based solely upon
the use of an interpreter to assist that witness or party.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.17 - Use of Interpreters in Court

22

23

24    **GIVEN:**          _____
25    **REFUSED:**        _____
      **MODIFIED:**       _____
26    **WITHDRAWN:**      _____

27

28

21

*Approved 10/2009*

# REQUESTED JURY INSTRUCTION NO. 16

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.18 - Bench Conferences and Recesses

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

*Approved 10/2009*

## REQUESTED JURY INSTRUCTIONS NO. 17

### OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 1.19 - Outline of Trial

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

*Approved 10/2009*

**REQUESTED JURY INSTRUCTION NO. 18**
**STIPULATIONS OF FACT**


The parties have agreed to certain facts  that will be read to you. You should therefore treat these facts as having been proved.


SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Instructions on Types of Evidence 2.2 - Stipulation of Fact


**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

24

*Approved 10/2009*

**REQUESTED JURY INSTRUCTION NO. 19**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Instructions on the Trial Process 2.3 - Judicial Notice

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

25

*Approved 10/2009*

# REQUESTED JURY INSTRUCTION NO. 20

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on Types of Evidence 2.4 - Deposition in Lieu of Live Testimony

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

26                                    *Approved 10/2009*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REQUESTED JURY INSTRUCTION NO. 21

### FOREIGN LANGUAGE TESTIMONY

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 2.7 - Foreign Language Testimony

**GIVEN:**            _____
**REFUSED:**          _____
**MODIFIED:**         _____
**WITHDRAWN:**        _____

*Approved 10/2009*

## REQUESTED JURY INSTRUCTION NO. 22

### IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on Types of Evidence 2.8 - Impeachment Evidence - Witness

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

*Approved 10/2009*

# REQUESTED JURY INSTRUCTION NO. 23

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on Types of Evidence 2.12 - Charts and Summaries Not Received In Evidence

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

29

*Approved 10/2009*

**REQUESTED JURY INSTRUCTION NO. 24**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Instructions on Types of Evidence 2.13 - Charts and Summaries in Evidence

**GIVEN:**            _____
**REFUSED:**       _____
**MODIFIED:**      _____
**WITHDRAWN:**  _____

30

*Approved 10/2009*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### REQUESTED JURY INSTRUCTION NO. 25

### CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (Civil)(2007 Edition) Vicarious Liability: Independent Contractors 4.1 - Corporations and Partnerships - Fair Treatment

**GIVEN:**          _____

**REFUSED:**        _____

**MODIFIED:**       _____

**WITHDRAWN:**      _____

31

**REQUESTED JURY INSTRUCTION NO. 26**

**LIABILITY OF CORPORATIONS—SCOPE OF
AUTHORITY NOT IN ISSUE**

      Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Vicarious Liability: Independent Contractors 4.2 - Liability of Corporations - Scope of
      Authority Not In Issue

**GIVEN:**                _____
**REFUSED:**           _____
**MODIFIED:**          _____
**WITHDRAWN:**      _____

1

**REQUESTED JURY INSTRUCTION NO. 27**

2

**ACT OF AGENT IS ACT OF PRINCIPAL—**

3

**SCOPE OF AUTHORITY NOT IN ISSUE**

4

5

6

7

8

    Any act or omission of an agent within the scope of authority is the act or omission of the principal.

9

10

11

    The parties have stipulated that the drivers, Alfredo Duenas and Wilmer Santos Maldonado, were agents of UPS Ground Freight, Inc., the principal, during all relevant time periods, and Alfredo Duenas was acting in the scope of the Agency at the time of the accident on April 5, 2009.

12

13

14

15

16

17

18

19

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)

20

Vicarious Liability: Independent Contractors 4.6 - Act of Agent is Act of Principal -Scope of Authority Not in Issue (modified)

21

22

**GIVEN:** _____

**REFUSED:** _____

23

**MODIFIED:** _____

**WITHDRAWN:** _____

24

25

26

27

28

33

**REQUESTED JURY INSTRUCTION NO. 28**

**BOTH PRINCIPAL AND AGENT SUED—
NO ISSUE AS TO AGENCY OR AUTHORITY**

The defendants are sued as principal and agents. The defendant UPS Ground Freight, Inc. is the principal and defendants Alfredo Duenas and Wilmer Santos Maldonado are the agents. If you find against Alfredo Duenas or Wilmer Santos Maldonado, then you must also find against UPS Ground Freight, Inc.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Vicarious Liability: Independent Contractors 4.7 - Both Principal and Agents Sued - No Issue as to Agency or Authority (modified)

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

34

**REQUESTED JURY INSTRUCTION NO. 29**
**Negligence I**

**Violation of Statute**
**(Negligence Per Se)**

I am now going to instruct you on certain laws of the State of Arizona. If you find from the evidence that a person has violated any of these laws, that person is negligent. You should determine whether that negligence was a cause of injury to Marcela Baca.

**A.R.S. § 28-646.A(3)(a).  Traffic Control Signal Legend**

If traffic is controlled by traffic control signals exhibiting different colored lights or colored lighted arrows successively one at a time or in combination, only the colors green, red and yellow shall be used, except for special pedestrian signals carrying a word legend. The lights shall indicate and apply to drivers of vehicle and pedestrians, as follows:

Red indication:

Vehicular traffic facing a steady red signal alone shall stop before entering the intersection and shall remain standing until an indication to proceed is shown.

The Defendants have admitted that Alfredo Duenas ran the red light.

SOURCE: RAJI Instructions (Civil)(4th Edition)- Negligence 1 – Violation of Statute (Negligence Per Se)

**GIVEN:**        _____
**REFUSED:**      _____
**MODIFIED:**     _____
**WITHDRAWN:**    _____

1

## REQUESTED JURY INSTRUCTION NO. 30

2

**Fault 5**

3
**Statement of Claims, Definition of Fault; Definition of Negligence**
**(Non Party at Fault)**

4

5

6

7

8
    The Defendants have admitted fault.  Defendants also claim that Angel Hernandez
was at fault.

9

10
    Fault is negligence that was the cause of the accident and Marcella Baca's death.  The

11
Defendants have the burden of proof by a preponderance of the evidence of establishing
the fault, if any, on the part of Angel Hernandez.

12

13

14

15

16

17

18
SOURCE: RAJI  Personal Injury (Civil)(Fourth Edition); Fault 5-Statement of Claims,

19
 Definition of Fault; Definition of Negligence (Modified)

20

21
**GIVEN:**          _____

22
**REFUSED:**        _____

**MODIFIED:**       _____

23
**WITHDRAWN:**      _____

24

25

26

27

28

36

## REQUEST FOR JURY INSTRUCTION NO. 31

**Negligence 10**
**Willful or Wanton Conduct**
**(Aggravated Negligence)**

In considering fault, if any,  on the part of Angel Hernandez you should consider:

Plaintiffs claim that Defendant  Alfredo Duenas engaged in willful or wanton conduct. This type of fault involves aggravated negligence.

Willful or wanton conduct is action or inaction with reckless indifference to the results, or to the rights or safety of others.  A person is recklessly indifferent if he knows or a reasonable person in his position ought to know that:

(1) The action or inaction creates an unreasonable risk of harm; and

(2) The risk is so great that it is highly probable that harm will result.

If you find that Defendant Alfredo Duenas willfully or wantonly caused Marcela Baca's death, and that Hernandez was partially at fault, you may, as you deem fit, disregard any fault on the part of Hernandez.

SOURCE: RAJI (civil)(2007 Edition); Negligence 10-Willful or Wanton Conduct
 (Aggravated Negligence (modified)

**GIVEN:**      _____
**REFUSED:**      _____
**MODIFIED:**      _____
**WITHDRAWN:**      _____

# REQUESTED JURY INSTRUCTION NO. 32

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.

You must determine Plaintiff Gabriel Martinez's damages . You must determine Plaintiff Cruz Baca's damages.

The Plaintiffs have the burden of proving damages more likely than not. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any damage you find was caused by the defendants. You should consider the following:

1. The loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

2. The pain, grief, sorry, anguish, stress, shock and mental suffering already experienced, and reasonably probable to be experienced in the future.

It is for you to determine what damages have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition) Instructions on the Trial Process 5.1 - Damages - Proof  (Modified); RAJI (civil) (Fourth Edition) - Personal Injury Damages 3

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

38

## REQUESTED JURY INSTRUCTION NO. 33

## PUNITIVE DAMAGES

You may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.   Punitive damages may not be awarded to compensate a plaintiff.

To recover such damages, Plaintiffs have the burden of proof by clear and convincing evidence, either direct or circumstantial, that one or both of the UPS Freight Drivers acted with an evil mind.

This state of mind may be shown by any of the following:

1.   Intent to cause injury; or

2.   Wrongful conduct motivated by spite or ill will; or

3.   Acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions on the Trial Process 5.5 - Punitive Damages (modified); RAJI, Personal Injury Damages 4 (Fourth Edition) (modified)

**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____
**WITHDRAWN:**      _____

**REQUESTED JURY INSTRUCTION NO. 34**

**DUTY TO DELIBERATE**


When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)
Instructions Concerning Deliberations 3.1 - Duty to Deliberate

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

40

## REQUESTED JURY INSTRUCTION NO. 35

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (Civil)(2007 Edition)
Instructions Concerning Deliberations 3.2 - Communication with Court

**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____
**WITHDRAWN:** _____

41

1

## REQUESTED JURY INSTRUCTION NO. 36

2

### RETURN OF VERDICT

3

4

5

6           A verdict form has been prepared for you. *[Any explanation of the verdict form*

7    *may be given at this time]*

8           After you have reached unanimous agreement on a verdict, your presiding juror

9    will fill int eh frm that has been given to you, sign and date it, and advise the court
     that you are ready to return to the courtroom.

10

11

12

13

14

15

16

17

18

19   SOURCE: Ninth Circuit Manual of Model Jury Instructions (civil)(2007 Edition)

20   Instructions Concerning Deliberations 3.3 - Return of Verdict

21   **GIVEN:**              _____

22   **REFUSED:**            _____

     **MODIFIED:**           _____

23   **WITHDRAWN:**          _____

24

25

26

27

28