**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie McCollum, as Conservator for the minor wrongful death beneficiaries, on behalf of all wrongful death beneficiaries; and as Personal Representative of the estate of Marcela Baca,<br><br>Plaintiff,<br><br>v.<br><br>UPS Ground Freight Incorporated, et al.,<br><br>Defendants. | No. CV11-0961 PHX DGC<br><br>**ORDER** |

Plaintiffs have filed a motion for reconsideration. Doc. 122. Defendants have filed a response. Doc. 129. For reasons that follow, the Court will grant the motion.

At the final pretrial conference on December 12, 2012, Plaintiffs objected to the inclusion of Gary Glover as a defense witness in the proposed final pretrial order, noting that Mr. Glover was never disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(i) and was not disclosed during the discovery period. Rather, Mr. Glover was disclosed for the first time in early December of 2012 as the parties were preparing the proposed final pretrial order. Defendants responded that Mr. Glover was disclosed more than 30 days before trial as required by Rules 26(a)(3)(A)(i) and (B). After hearing the parties' brief oral arguments, the Court concluded Mr. Glover should be permitted to testify because he was disclosed more than 30 days before trial as required by Rule 26(a)(3)(B). Upon receiving Plaintiffs' motion for reconsideration and Defendants' response, however, the Court has had occasion to review the relevant rules, case law, and statements made by the

parties in connection with this issue.  The Court concludes that Mr. Glover should have been disclosed earlier in the litigation and that Defendants' failure to disclose is not substantially justified or harmless.  The Court will therefore preclude Defendants from calling Mr. Glover as a witness at trial.

Rule 26(a)(1)(A)(i) provides that a party "must, without awaiting a discovery request, provide to the other parties . . . the name, and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  This rule imposes an affirmative obligation.  Defendants were required to disclose any witness likely to have discoverable information and whom Defendants knew they "may use to support" their defense.  The relevant question, therefore, is whether Mr. Glover has discoverable information and whether Defendants knew that they may use him to support their defense.  If so, Rule 26(a)(1)(i) required his disclosure.

Mr. Glover clearly has discoverable information.  Defendants' response to the motion to reconsider states that "Mr. Glover will testify regarding UPS Freight's retention, training, and supervision of contract drivers.  In addition, Mr. Glover will testify specifically about UPS Freight's retention, training, and supervision of Mr. Maldonado and Mr. Duenas [the Defendant drivers in this case who caused the accident that injured Plaintiffs], as well as the manner in which Mr. Maldonado and Mr. Duenas were compensated by UPS Freight.  Mr. Glover will also testify about how routes were assigned to Mr. Maldonado and Mr. Duenas and how they were monitored by UPS Freight while they were on the road."  Doc. 129 at 2.  These are important matters in this case.  In fact, when Defendants made their late disclosure of Mr. Glover, they suggested that Plaintiffs could depose him before trial.  Doc. 122-1 at 2.

The record also makes clear that Defendants have known from the beginning of this case that a witness such as Mr. Glover, the Director of Supplemental Transportation at UPS Freight, may be used to support their defense.  When the parties addressed this

issue during the final pretrial conference on December 12, 2012, defense counsel stated that Mr. Glover's "proposed testimony would frankly be on behalf of the company [and] *relate to issues that have been the very issues this case has been about since day one*." Court's LiveNote Transcript at 48-49 (emphasis added).  Defense counsel further stated that Plaintiffs "never asked for any of this in written discovery for us to identify anybody who would testify on behalf of the company about the issues they've created or identified that are issues in this case.  At the end of the day, I want somebody who can testify about issues that *Mr. Alex [Plaintiffs' counsel] has known have been the very issues in this case since he filed this lawsuit*."  *Id.* at 49 (emphasis added).  Defendants' response to the motion for reconsideration similarly states that "Plaintiffs chose to name UPS as a defendant to this action and therefore *cannot be surprised that a representative of UPS may be called to testify at trial*."  Doc. 129 at 4 (emphasis added).

If the likelihood and relevancy of Mr. Glover's testimony have been evident to Plaintiffs since the beginning of this case as Defendants so firmly assert, then the likelihood and relevancy of his testimony have also been evident to Defendants from the beginning.  Mr. Glover, therefore, is an "individual likely to have discoverable information" whom Defendants knew they "may use to support" their defense.  Fed. R. Civ. P. 26(a)(1)(A)(i).  He should have been disclosed under Rule 26(a)(1)(A)(i).

Defendants argue that they did not identify Mr. Glover until just before the final pretrial conference "because, at the time [of their initial disclosures], Defendants were unaware they may need to call him to testify, and in fact did not become aware of such a need until the depositions of the Defendant drivers and the Court's ruling on Defendants' summary judgment motions, which occurred after the close of discovery."  Doc. 129 at 4.  There are several problems with this statement.  First, it directly contradicts Defendants' claim that the likelihood of Mr. Glover's testimony has been evident from the beginning of this case.  Second, the statement concerns when Defendants knew they needed to call Mr. Glover, but Rule 26(a)(1)(A)(i) does not require such certainty – it requires disclosure of witnesses that Defendants "may use to support" their defense.  Third, the

Defendant drivers were deposed in March of 2012 (Docs. 74-3 at 2, 74-11 at 2), and Defendants were required to timely supplement their initial disclosures. Fed. R. Civ. P. 26(e)(1)(A). If Defendants had supplemented their disclosures after the depositions, Mr. Glover's testimony would have been known to Plaintiffs eight months earlier and at a time when the Court and parties could have considered whether preclusion was warranted or additional discovery should be permitted.

Furthermore, the fact that Plaintiffs knew that Mr. Glover or someone like him had relevant information and may be called by Defendants to testify at trial did not excuse Defendants' nondisclosure. Rule 26(a)(1)(A)(i) disclosures communicate more than the identity of persons with knowledge; they also disclose the critical fact that the opposing party may use an individual as a witness at trial. *See Johnson v. United Parcel Service*, 236 F.R.D. 376, 378 (E.D. Tenn. 2006) ("[T]he fact Defendant might have been on notice [of the undisclosed information] does not excuse Plaintiff's failure to disclose[.] . . . Rule 26 puts the burden on the party intending to present [evidence] to notify the other party of its intent to do so."); S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, at 495 (West 2011) ("The fact that the other party already knows of a potential witness . . . does not, by itself, achieve the critical purpose of the Rule 26(a)(1)(A) disclosures, which is to inform the other parties which witnesses and documents the disclosing party may use to support its claim or defenses.").

Nor does the existence of the pretrial disclosure requirement in Rule 26(a)(3)(A) excuse Defendants' failure to identify Mr. Glover in their initial disclosures or timely supplements. By its terms, Rule 26(a)(3)(A) establishes an obligation "*[i]n addition* to the disclosures required by Rule 26(a)(1) and (2)." (Emphasis added.) Rule 26(a)(3)(A) thus is an additional disclosure obligation, not an alternative means of disclosing required information.

If a party fails to make a disclosure required by Rule 26(a)(1)(A), the undisclosed information may not be used at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because Defendants have admitted that the

relevance of Mr. Glover's testimony was apparent from the outset of this case, their failure to include him in the mandatory Rule 26(a)(1)(A)(i) disclosures or timely supplements was not substantially justified. Nor can the Court conclude that the nondisclosure was harmless. Although Plaintiffs may have been able to anticipate that Defendants might call such a witness at trial, Plaintiffs were not told, as Rule 26(a)(1)(A)(i) required, that UPS may use such a witness to support its defense. Plaintiffs were entitled to rely on the "critical" purpose of Rule 26(a)(1)(A) – "to inform [them] which witnesses and documents the disclosing party may use to support its claim or defenses." S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, at 495. Plaintiffs were not apprised of this information until discovery had closed, the motion for summary judgment had been decided, and the final pretrial conference was imminent, and therefore were not afforded an opportunity to conduct relevant discovery or formulate their case strategy to account for this evidence. Defendants have suggested that Mr. Glover may be deposed before trial (which starts next week), but the Court cannot conclude that such a deposition will eliminate all harm when avenues for other discovery have been foreclosed by the end of the discovery period and the firm trial date.

Because the Court concludes that Mr. Glover should have been timely disclosed under Rule 26(a)(1)(A)(i) and that the failure to disclose him was not substantially justified or harmless, Defendants may not call him as a witness at trial. The exclusion provision of Rule 37(c) is self-executing and automatic when a failure to disclose is not substantially justified or harmless. *See Hoffman v. Constr. Protective Serv., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

Dated this 8th day of January, 2013.

_____
David G. Campbell
United States District Judge