**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie McCollum, | No. CV-11-0961-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| UPS Ground Freight Incorporated, et al., | |
| Defendants. | |

The Court held a final conference with the parties on January 10, 2013. During the conference, the Court addressed Defendants' Motion in Limine to Preclude Evidence of Alleged Mistakes in Defendants' Driver's Log Books and Any Reference to Federal Motor Carrier Safety Regulations Section 395.8. Doc. 108. The Court took the motion under advisement, and will now grant it in part and deny it in part.

The Court previously has understood Plaintiff to be asserting that the inaccurate log books were relevant to punitive damages because they help explain the fatigue Mr. Duenas allegedly was suffering on the day of the accident – fatigue Plaintiff claims caused the accident. As the Court said in ruling on Defendants' motion for reconsideration of the summary judgment ruling, "Plaintiff alleges that financial incentives led Mr. Duenas to falsify his log books by driving when he should have been out of service and understating the length of time for vehicle safety inspections. . . . Log books that inaccurately report the length of time that Mr. Duenas was in service, if motivated by financial interests as Plaintiff alleges, may demonstrate that Mr. Duenas

allowed himself to become so fatigued that he drove through the intersection on a red light." Doc. 86 at 3.

At the conference on January 10, 2013, however, Plaintiff's counsel asserted that the log books are relevant to punitive damages for other reasons: (1) the log books show that Duenas and Maldanado did not conduct safety inspections of their truck, or conducted only cursory inspections, demonstrating that they ignored safety; (2) the log books contain blank information in areas where Duenas and Maldanado were required to record the results of inspections, again showing a disregard for safety; (3) the log books show that Duenas and Maldanado sometimes failed to record the total miles they drove in a day and the total miles the truck travelled in a day; and (4) the books show significantly different times for when the truck arrived in Phoenix on the day of the accident.

Points one and two are not related to driver fatigue. They may show that the drivers were not inspecting the truck as required, but a lack of inspections would not contribute to fatigue.

The third point shows that Duenas and Maldanado were not recording total mileage on some days, but that too is unrelated to fatigue. The log books contain complete time records for when each driver was driving, in the sleeper birth, off duty, or on duty and not driving, and Plaintiff's counsel does not claim that these time entries are inaccurate. Plaintiff's counsel instead argued at the conference that these entries show that Duenas and Maldanado were driving when they should have been conducting inspections – that they accurately reflect the actual driving time. When the drivers' activities for each 24-hour period can be seen in the log books, the absence of total mileage in the books cannot be said to reflect behavior that would cause fatigue. Time in the driver's seat, not total mileage, is relevant to fatigue.

The fourth point shows that Duenas and Maldanado recorded different times for when they arrived in Phoenix on the day of the accident. Duenas recorded 12:45 p.m. and Maldanado recorded 8:30 a.m. This four-hour discrepancy could be indicative of

- 2 -

fatigue. It certainly is more of a discrepancy than can be attributed to different watches. And because the log entries were made on the day they arrived in Phoenix, it cannot reasonably be attributed to faded memories.

With this understanding of the log books in mind, the Court must consider their relevance to punitive damages – the only issue on which Plaintiff seeks to present them. Arizona courts have recognized an "overarching principle . . . that the conduct giving rise to punitive damages must be a proximate cause of the harm inflicted." *Saucedo ex rel. Sinaloa v. Salvation Army*, 24 P.3d 1274, 1279 (Ariz. App. 2001). "The proximate cause of an injury is defined in Arizona as 'that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred.'" *Id.* at 1278 (quoting *Robertson v. Sixpence Inns of Am., Inc.*, 789 P.2d 1040, 1047 (Ariz. 1990)).

Plaintiff does not contend that the lack of inspections or any resulting safety problems caused or contributed to the accident. Indeed, Plaintiff previously admitted that a bald tire on the truck was not a proximate cause of the accident. Doc. 81 at 8. Plaintiff instead claims that Duenas was driving while fatigued and failed to see or respond to the red light. Log book entries that reflect a lack of inspections and a disregard for the safety conditions of the truck therefore cannot be said to be a proximate cause of Plaintiff's injuries. Nor can the absence of total mileage entries be said to reflect activities that contributed to the accident when the log books themselves show the activities of the drivers for the full 24-hour period of each day. The lack of inspections and total mileage entries did not, in a natural and continuous sequence, produce the accident. Stated differently, a reasonable jury could not conclude that the accident would not have occurred if Duenas and Maldonado had inspected the truck or recorded their total mileage. Because these inaccuracies are not evidence of events that proximately caused Plaintiff's injuries, they are not relevant to punitive damages. *Saucedo*, 24 P.3d at 1279. The Court will grant the motion in limine on these inaccuracies.

The same is not true of the discrepancies in arrival time. The four-hour difference between Duenas' and Maldanado's contemporaneous log books could be viewed as evidence of fatigue. The Court therefore will deny the motion in limine with respect to these entries. Plaintiff may present the page from each driver's log book that reflects this discrepancy, assuming proper evidentiary foundations are laid. The pages may not be used to argue the points that have been excluded above.

Given this ruling, the Court also concludes that the motion in limine should be granted with respect to Plaintiff's desired reference to 49 C.F.R. § 395.8. The regulation required Defendants to maintain accurate log books with respect to specific categories of information, and would be relevant if the jurors were asked to review the log books and compare the drivers' entries to the requirements of the regulation, something that will not occur given the Court's ruling above. The Court concludes that admission of the regulation would unnecessarily complicate the jury's task and may result in confusion when there is little or no evidence to which it applies. The Court also concludes that the reference to criminal prosecution in the regulation could result in unfair prejudice that substantially outweighs the very limited probative value of the regulation. The Court therefore will exclude the regulation under Rule 403.[1]

**IT IS ORDERED** that Defendants' motion in limine (Doc. 108) is **granted in part and denied in part** as set forth above.

Dated this 11th day of January, 2013.

_____
David G. Campbell
United States District Judge

---

[1] Given the rulings in this order, the Court also wishes to make clear, if it has not in prior orders, that evidence of the bald tire will not be admissible. As noted, Plaintiff concedes that the bald tire did not cause or contribute to the accident, and it therefore is not relevant on the question of punitive damages under *Saucedo*.