**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Martinez and Donal Childers as conservator for Cruz Baca Soto,<br><br>Plaintiffs,<br><br>v.<br><br>UPS Ground Freight Incorporated, et al.,<br><br>Defendants. | No. CV-11-0961-PHX-DGC<br><br>**ORDER** |

Donald Childers, as conservator for Cruz Baca Soto, has filed a motion for a new trial. Doc. 157. The motion is fully briefed. Docs, 161, 163. The Court will deny the motion.[1]

Defendants admitted liability, and the jury awarded Gabriel Martinez $400,000 and Cruz Baca Soto $25,000 for the accidental death of their mother. The motion argues that a new trial should be granted under Rule 59 of the Federal Rules of Civil Procedure because Mr. Soto's damages were insufficient.

The Court may grant a new trial only if the jury's verdict is against the clear weight of the evidence. *Tortu v. Las Vegas Metropolitan Police Dept.*, 556 F.3d 1075, 1083 (9th Cir. 2009). In addressing this issue, the Court cannot substitute its evaluation of the evidence for that of the jury. *Id.* at 1084.

---

[1] The request for oral argument is denied because the Court heard all of the evidence at trial, the standards under Rule 59 are clear, the parties have fully briefed the issues, and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b).

The verdict for Mr. Soto was not against the clear weight of the evidence. Mr. Soto did not appear or testify at trial, and Mr. Childers, his conservator, attended only parts of the trial and did not testify. Mr. Martinez, by contrast, attended the entire trial, sat at counsel table, and, most importantly, testified personally about the loss of his mother.

Witnesses who testified for Plaintiffs also provided less evidence about Mr. Soto and his relationship with his mother than about Mr. Martinez. Ms. Parker, the CPS witness, testified that she met Mr. Soto only briefly on one occasion. Mr. Vasquez Baca, who took in the decedent's children after her death and testified about the effect of her death on the children, could not recall Mr. Soto's name. Other evidence concerning Mr. Martinez's relationship with family members, his sorrow at being away from his mother, and the efforts he made to improve his life after his mother's death all spoke to his close relationship with her, but there was little comparable evidence regarding Mr. Soto. Moreover, the fact that the jurors awarded Mr. Martinez $400,000 and Mr. Soto $25,000 shows that they distinguished between the two Plaintiffs and the evidence presented in their behalf and were not influenced by passion or prejudice.

The motion also asserts that defense counsel engaged in misconduct when he asserted during closing argument that the jury should award Mr. Soto nothing because Mr. Soto did not appear and testify at trial. Defense counsel argued that the jury had no credible basis upon which to award damages to Mr. Soto because he did not testify at trial, the evidence did not show how long he lived in the house with his deceased mother, and one of the persons who took the children in after their mother's death, Mr. Vasquez Baca, could not even remember Mr. Soto's name. Plaintiff's counsel did not object to this line of argument, but instead suggested in rebuttal that Defendants' suggestion of no damages for Mr. Soto showed that Defendants were not really admitting liability in this case as they claimed, and that the big corporation in Virginia (Defendant UPS) viewed Arizona as a "third world country" in which it could dictate the jury award. In other words, Plaintiffs' counsel sought to take advantage of the defense closing argument

rather than objecting and asking the Court to correct it. Plaintiff's counsel made these points at the outset of his rebuttal argument, seeking to capitalize on defense counsel's argument.

As the Ninth Circuit has noted, "federal courts erect a 'high threshold' to claims of improper closing arguments in civil cases raised for the first time after trial." *Hemmings v.Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). This is because raising an objection before the jury begins deliberations permits the judge to examine the alleged prejudice and issue a curative instruction if warranted, and because permitting a party to wait until after a negative verdict before raising an error simply encourages that party to sit silently in the face of error. *Id.*

Plaintiff has not met this high threshold. The Court cannot conclude that defense counsel's argument was prejudicial or fundamentally unfair. *Id.* Defense counsel argued the paucity of evidence in support of Mr. Soto's damages claim, a legitimate point to make in closing argument. Although Mr. Soto was represented by a conservator during trial because he is in state custody and recently was found not competent to stand trial in a state criminal case, the Court informed the jury only that he was represented at trial by his conservator. The Court does not view it as unfair that defense counsel later commented in closing argument on the lack of evidence to support Mr. Soto's damages, including the fact that Mr. Soto did not testify. To the extent defense counsel was implying that Mr. Soto was absent because he did not care about his mother, the Court's instruction that he was represented by a conservator countered such an implication. More importantly, Plaintiffs' counsel could have objected, but chose not to. Plaintiffs' counsel instead chose to turn Defendants' argument against them by asserting that the distant "big corporation" could not dictate to the "good people of Arizona" what damages to award for the loss of a mother.

In sum, the Court cannot conclude that defense counsel's argument so permeated the trial as to result in a jury verdict that was "influenced by passion and prejudice." *Id.* at 1192. A new trial is not warranted on the basis of Defendants' closing argument.

Finally, the motion argues that Mr. Soto's damages award is inconsistent with damages awards in other Arizona cases. The relevant inquiry, however, is not how the award compares to awards in cases with different evidence, but whether the award was against the clear weight of the evidence in this case. The Court concludes that it was not.

**IT IS ORDERED** that the motion for new trial (Doc. 157) is **denied**.

Dated this 18th day of March, 2013.

_____
David G. Campbell
United States District Judge